UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

NORFOLK COUNTY RETIREMENT
SYSTEM, on behalf of itself and
all similarly situated holders
of Class B common stock of
HUBBELL INC.,

    Plaintiff,

  v.

CARLOS M. CARDOSO, ANTHONY J.
GUZZI, NEAL J. KEATING, JOHN F.
MALLOY, DAVID G. NORD, CARLOS A.
RODRIGUEZ, JOHN G. RUSSELL,
STEVEN R. SHAWLEY, RICHARD J.
SWIFT, BESSEMER TRUST COMPANY,
N.A., AS TRUSTEE FOR THE HARVEY
HUBBELL TRUST AND THE LOUIE E.
ROCHE TRUST, AND HUBBELL INC.,

    Defendants,

  and

HUBBELL INCORPORATED,

    Nominal Defendant.

C.A. No. 3:15-cv-1507-AWT

---

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a shareholder class and derivative action is pending in the Court entitled <u>Norfolk County Retirement System v. Cardoso, et al.</u>, C.A. No. 3:15-cv-01507-AWT (the "Action");

WHEREAS, the Parties having made application, pursuant to Rules 23 and 23.1 of the Federal Rules of Civil

Procedure, for an order approving the settlement of this action, in accordance with a Stipulation of Settlement dated June 21, 2016 (the "Stipulation"), which together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to the Class Members and the Company, subject to further consideration at the Settlement Hearing described below.

2. A Settlement Hearing shall be held before this Court on November 22, 2016, at 9:30 a.m., in the United States District Court for the District of Connecticut, Abraham A. Ribicoff Federal Building, South Courtroom, 450 Main Street, Hartford, Connecticut 06103, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate as to the Class and Hubbell and should be approved by the Court; and whether

an Order and Final Judgment of Settlement and Dismissal, substantially in the form of Exhibit C to the Stipulation, should be entered herein; and to adjudicate Plaintiffs' Counsel's Fee and Expense Application.

3. Pursuant to Rule 23(a), (b)(1) and (b)(2) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulation and effectuating the Settlement, a non-opt-out Class of all former Class B shareholders of Hubbell Inc. who held the Company's stock at any time from August 24, 2015, until and including December 23, 2015, (i) including (to the extent acting as such) any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, or any person or entity acting for or on behalf of, or claiming under, any of them; but (ii) excluding Defendants, the Individual Defendants' immediate families, and any entity related to or affiliated with Defendants.

4. Solely for the purposes of the Stipulation and the Settlement, this Court preliminarily finds that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact

common to the Class which predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Class; (d) Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; (e) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Defendants; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class.

5. The Court approves, as to form and content, the Notice annexed as Exhibit hereto, and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in ¶¶ 6-7 of this Order meet the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure, due process and all applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6. Counsel for the Parties are hereby ordered to cooperate to supervise and administer the notice procedure as more fully set forth below:

(a) Not later than ten (10) business days from the date hereof, the Hubbell Defendants shall provide to the notice administrator a list, based on the Company's stock transfer records maintained in the ordinary course of business, of (i) the Class Members and (ii) the Company's shareholders as of the date hereof ("Current Hubbell Stockholders"). Not later than twenty (20) business days from the date hereof (the "Notice Date"), Plaintiff or its designee shall cause a copy of the Notice substantially in the form annexed hereto as Exhibit 1 to be mailed by first class mail to the Class Members and Current Hubbell Stockholders identified by the Hubbell Defendants. The date and time of the Settlement Hearing shall be added to the Notice before it is mailed; and

(b) At least ten (10) Court days prior to the Settlement Hearing, Plaintiff's Counsel shall file with the Court proof, by affidavit or declaration, of such mailing.

7. Nominees who (i) held Hubbell's Class B common stock at any time during the period from August 24, 2015, through and including December 23, 2015, for the beneficial ownership of another, or (ii) currently hold Hubbell's common stock for the beneficial ownership of another, shall be requested to mail the Notice

5

to all such beneficial owners of such stock within ten (10) business days after receipt thereof.

8. All members of the Class shall be bound by the provisions of the Stipulation and all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class.

9. Any member of the Class or Current Hubbell Stockholder may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If such member of the Class or Current Hubbell Stockholder does not enter an appearance, he, she or it will be represented by Plaintiff's Counsel.

10. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Plaintiff nor any Class Member or Current Hubbell Stockholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims, regardless of

whether or not any such Class Member or Current Hubbell Stockholder has appeared in the Action.

11. Any member of the Class or Current Hubbell Stockholder may appear and show cause why the Settlement of the Action should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, substantially in the form annexed as Exhibit C to the Stipulation, and why attorneys' fees and expenses should or should not be awarded to counsel for the Plaintiff; provided, however, that no Class Member, Current Hubbell Stockholder or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or dismissal of the Action, or, if the Settlement is approved, the Judgment to be entered thereon approving the same, unless that person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs, such that they are received at least ten (10) court days prior to the Settlement Hearing by Eric Zagar, Kessler Topaz Meltzer & Check LLP, 280 King of Prussia Road, Radnor, PA 19087; William Savitt, Wachtell, Lipton Rosen & Katz, 51 West 52nd Street, New York, NY 10019; and Brian Frawley, Sullivan & Cromwell LLP, 125 Broad Street,

New York, NY 10004; and filed said objections, papers and briefs with the United States District Court for the District of Connecticut, Abraham A. Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut 06103, at least ten (10) court days prior to the Settlement Hearing. Any member of the Class or Current Hubbell Stockholder who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement or the dismissal of the Action as incorporated in the Stipulation, unless otherwise ordered by the Court.

12. All motions and papers in support of the Settlement and the Fee and Expense Application shall be filed and served no later than fifteen (15) court days before the Settlement Hearing, and all reply briefs in support of said motions shall be filed and served no later than five (5) court days before the Settlement Hearing.

13. All reasonable costs incurred in identifying and notifying Class Members shall be paid by the Hubbell Defendants as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor Plaintiff's

Counsel shall have any obligation to pay the reasonable and actual costs of class notice and administration.

14. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be vacated nunc pro tunc.

15. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

16. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, Current Hubbell Stockholders or any other person, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class, Current Hubbell Stockholders, or any other person

It is so ordered.

Dated this 24th day of August, 2016 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge