## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NORFOLK COUNTY RETIREMENT SYSTEM,
on behalf of itself and all other similarly situated
holders of Class B common stock of HUBBELL
INCORPORATED, and derivatively on behalf of
HUBBELL INCORPORATED,

                   Plaintiff,

      v.

CARLOS M. CARDOSO, ANTHONY J. GUZZI,
NEAL J. KEATING, JOHN F. MALLOY,
DAVID G. NORD, CARLOS A. RODRIGUEZ,
JOHN G. RUSSELL, STEVEN R. SHAWLEY,
RICHARD J. SWIFT, BESSEMER TRUST
COMPANY, N.A., AS TRUSTEE FOR THE
HARVEY HUBBELL TRUST AND THE LOUIE
E. ROCHE TRUST,

                  Defendants,

    and

HUBBELL INCORPORATED,

               Nominal Defendant.

C.A. No. 3:15-cv-01507-AWT

### ORDER AND FINAL JUDGMENT OF SETTLEMENT AND DISMISSAL

This matter came before the Court for hearing pursuant to the Order of the Court, dated August 24, 2016, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated June 21, 2016 (the "Stipulation").  The Court having considered all matters submitted to it at the hearing and otherwise; and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Order incorporates by reference the definitions in the Stipulation and, unless otherwise set forth herein, all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3.      Pursuant to Rule 23(a), (b)(1) and (b)(2) of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement only, a non-opt-out Class consisting of all record holders and beneficial owners of the Class B common stock of Hubbell Inc. who held Class B common stock at any time from August 24, 2015, until and including December 23, 2015 (i) including (to the extent acting as such) any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them; but (ii) excluding Defendants, the Individual Defendants' immediate families, and any entity related to or affiliated with Defendants.  In the event the Settlement does not become final for any reason, the certification of the Class may be revoked and Defendants shall have the right to oppose any motion for class certification in future proceedings in the Action.

4.      With respect to the Class, the Court finds and concludes, for purpose of this Settlement only, that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiff in the Action are typical of the claims of the Class; (d) Plaintiff and Plaintiff's Counsel in the Action have fairly and adequately represented and protected the interests of all of the Class Members; (e) the

prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Defendants; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class.

5.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement only, Plaintiff as Class Representative, and Plaintiff's Counsel as Class Counsel.

6.      Pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure, the Court hereby approves the settlement set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class and Hubbell.  The objection by Leonard Marx, Jr., dated November 2, 2016, (see Doc. No. 74, Ex. A) was considered and overruled.

7.      The Action and all claims contained therein are hereby dismissed with prejudice on the merits.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8.      Upon the Effective Date, Plaintiff and each Class Member, and each Current Hubbell Stockholder (derivatively on behalf of Hubbell), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, discharged, settled, relinquished, and dismissed with prejudice on the merits any and all claims (including any "Unknown Claims" as defined below), demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that the Plaintiff or any Class Member, and/or any Current Hubbell Stockholder (derivatively on behalf of Hubbell) ever had, now have, or may have against any of the Released Parties, whether based on state, local,

foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of the Company), in their capacity as shareholders, which have been, could have been, or in the future can or might be asserted in the Action or in any court, tribunal, or proceeding, and which have arisen, could have arisen, arise now, or hereafter arise out of, or relate in any manner to, any actual or alleged facts, events, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter related in any way to: (i) the Reclassification; (ii) the payment made to former Class A shareholders of the Company in connection with the Reclassification; (iii) the Company's certificate of incorporation and the amendments made thereto in connection with the Reclassification; (iv) any fiduciary, contractual, or other obligations in connection with or in any way related to the Reclassification; (v) any actions, negotiations, or deliberations in connection with or in any way related to the Reclassification, including the consideration or non-consideration of any alternative transaction structures or any different payment to the Class A shareholders; (vi) the Company's initial Registration Statement filed on Form S-4 with the SEC on September 11, 2015, the amendments thereto filed with the SEC on October 21, 2015, November 16, 2015, and November 19, 2015, the Proxy Statement/Prospectus filed with the SEC on November 24, 2015, and any other documents, disclosures, or communications filed with the SEC or otherwise communicated to shareholders in connection with or in any way related to the Reclassification; (vii) the alleged aiding and abetting of any breach of contract, breach of fiduciary duty, or any other wrongful act in connection with the Reclassification; (viii) any alleged improper personal benefit, conflict of interest, or enrichment of any kind in connection with the Reclassification; (ix) the fees, expenses or costs incurred in prosecuting, defending, or settling the Action (except

as otherwise provided herein); and (x) the allegations in the Complaint, Amended Complaint and Demand; *provided, however*, that the Released Claims shall not include any claims to enforce in the Court the terms of the Settlement or this Stipulation. Plaintiff and each Class Member, and each Current Hubbell Stockholder (derivatively on behalf of Hubbell), are hereby forever barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action or proceeding asserting any Released Claims against any of the Released Parties.

9. Upon the Effective Date, Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, discharged, settled, relinquished, and dismissed with prejudice on the merits any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or any forum by the Defendants, or the heirs, successors and assigns of any of them against Plaintiff, Plaintiff's Counsel or any of the Class Members, which arise out of or relate in any way to the institution, prosecution or settlement of the Action; *provided, however*, that the Released Defendants' Claims shall not include any claims to enforce in the Court the terms of this the Settlement or this Stipulation.

10. "Unknown Claims" means any and all Released Claims which Plaintiff, any Class Member, or any Current Hubbell Stockholder does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With

respect to any and all Released Claims and Released Defendants' Claims, upon the Effective Date, Plaintiff, Defendants, each Class Member, and each Current Hubbell Stockholder (derivatively on behalf of Hubbell) shall be deemed to have, and by operation of this Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff, Class Members, and Current Hubbell Stockholders may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiff shall expressly waive, and each Class Member and each Current Hubbell Stockholder (derivatively on behalf of Hubbell), upon the Effective Date, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Defendants may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of this Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Members, and Current Hubbell Stockholders (derivatively on behalf of Hubbell), shall be deemed by operation of the Order and Final Judgment to have acknowledged that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

11.     The Notice of Proposed Settlement and Dismissal of Class and Derivative Action, which was disseminated in accordance with the Order Preliminarily Approving Settlement and Providing for Notice, was the best notice practicable under the circumstances and fully satisfied the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure, due process and any other applicable law.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure.

12.     Neither the Stipulation nor the Settlement contained therein, the Preliminary Approval Order, the Notice, this Order, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as a presumption, concession, or admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (b) is or may be deemed to be or may be used as a presumption, concession, or an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants may file the Stipulation or the Order from this Action in any other action that has been or may be brought against them in order to

support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    The Court hereby awards fees and expenses to Plaintiff's Counsel in the aggregate amount of  $725,000 .  The awarded fees and expenses shall be paid in accordance with and subject to the conditions set forth in the Stipulation.

14.    Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over implementation of this Settlement and all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  Additionally, if such event occurs, (a) the Released Parties do not waive their argument that no class should be certified for trial purposes; and (b) any preliminary findings by the Court with respect to class certification shall be null and void.

16.    There is no just reason for delay in the entry of this Order and entry of the same is directed forthwith.

Signed this 22nd day of November, 2016, at Hartford, Connecticut.

It is so ordered.

/s/ Judge Alvin W. Thompson
Alvin W. Thompson
United States District Judge